UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| YORKSHIRE TOWERS COMPANY L.P., *et ano.* | : | 10 CIV 8973 (TPG) |
| *Plaintiffs*, | : | |
| - against - | : | |
| THE FEDERAL TRANSIT ADMINISTRATION, *et al.*, | : | |
| *Defendants*. | : | |

_____
_____

| | | |
|---|---|---|
| YORKSHIRE TOWERS COMPANY L.P., *et ano.* | : | 11 CIV 1058 (TPG) |
| *Plaintiffs*, | : | |
| - against - | : | |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, | : | |
| *Defendants*. | : | |

_____

## DEFENDANTS' JOINT MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION
## FOR SETTLEMENT-RELATED DISCOVERY

PREET BHARARA
United States Attorney for the
    Southern District of New York
JOSEPH A. PANTOJA
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
*Attorney for Federal Defendants*

GORDON J. JOHNSON
Deputy General Counsel
Metropolitan Transportation Authority
347 Madison Avenue – 9th Floor
New York, New York 10017
*Attorney for MTA Defendants*
*In No. 10 CV 8973*

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
*Attorneys for MTA Defendants*
*In No. 11 CV 1058*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL STATEMENT ........................................................................................................... 2

POINT I  PLAINTIFFS' MOTION VIOLATES THE CONFIDENTIALITY ORDER AND SHOULD BE STRICKEN ........................................................................... 5

POINT II  THE REQUESTED DISCOVERY IS NEITHER RELEVANT NOR APPROPRIATE, AND, IN ANY EVENT, THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS ........................................................................................................ 5

    A.  Discovery Is Not Appropriate Because This Is A Record-Review Case. ................. 6

    B.  Discovery of Settlement-Related Communications and the Reasons Why Settlement Negotiations Failed Is Not Appropriate. ................................................. 7

    C.  In Any Event, All Discovery And Discovery Disputes Should Be Stayed Pending Resolution of Defendants' Motion To Dismiss. ........................................ 7

CONCLUSION ............................................................................................................................ 10

**TABLE OF AUTHORITIES**

**CASES**

*Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-CV-2120, 1996 WL 101277 (S.D.N.Y. March 7, 1996) ........................................................................................................... 8

*Bernard v. Galen Group, Inc.*, 901 F. Supp. 778 (S.D.N.Y. 1995) .................................. 5

*Camp v. Pitts*, 411 U.S. 138 (1973) ............................................................................ 6, 10

*Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812-13 (2nd Cir. 1994) ............................ 1

*Chesney v. Valley Stream Union Free Sch. District*, 236 F.R.D. 113 (E.D.N.Y. 2006) .................. 8

*Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209 (S.D.N.Y. 1991) ........ 9

*Contemporary Mission, Inc. v. USPS*, 648 F.2d 97 (2d Cir. 1981) ................................. 8

*Gandler v. Nazarov*, No. 94-CV-2272, 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994) ...... 9

*Johnson v. N.Y. University Sch. of Education*, 205 F.R.D. 433 (S.D.N.Y. 2002) .......... 8

*Katzman v. Freeh*, 926 F. Supp. 316, 319 (E.D.N.Y. 1996) ............................................ 1

*KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335 (S.D.N.Y. 2009) ........................................ 9

*Lamoureux v. Anazaohealth Corp.*, No. 03-CV-01382, 2009 WL 813977, (D. Conn. Mar. 26, 2009) ................................................................................................................ 7

*Lake Utopia Paper Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928 (2d Cir. 1979) ....... 7

*Marsh v. Oregon Natural Resources Council*, 490 U.S. 360 (1989) ............................... 6

*National Audubon Society, Inc. v. Hoffman*, 132 F.3d 7 (2d Cir. 1997) ......................... 6

*Picture Patents, LLC v. Terra Holdings LLC*, No. 07-CV-54652008, WL 5099947 (S.D.N.Y. Dec. 3, 2008) ............................................................................................. 9

*Podnay v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375 (S.D.N.Y. 2004) ................... 9

*Spencer Trask Software v. Rpost International Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002) ........ 8, 9, 10

*Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127 (2d Cir. 1987) ..................................... 8

## STATUTES AND REGULATIONS

5 U.S.C. § 706 ..................................................................................................................6

23 C.F.R. § 771.130(c)......................................................................................................6

23 U.S.C. § 139(l)(1) .........................................................................................................3

Fed. R. Civ. P. 12(b)(6).............................................................................................2, 3, 8

Fed. R. Civ. P. 26..............................................................................................................8

Fed. R. Civ. P. 26(c) .........................................................................................................8

## STATUTE OF LIMITATIONS NOTICE

Notice of Limitation on Claims Against Proposed Public Transportation Projects, 74
    Fed. Reg. 65,203 (Dec. 9, 2009)..................................................................................3

**PRELIMINARY STATEMENT**

Defendants respectfully submit this memorandum in opposition to plaintiffs' motion for the production of documents relating to the recent settlement negotiations that occurred in this case. Their motion should be denied for the reasons explained below.

Plaintiffs' motion is improper in the environmental lawsuit[1] because it discloses and is premised upon statements made in the parties' confidential settlement negotiations. The motion is therefore a violation of the Stipulation and Order Regarding Release of Confidential Information for Settlement Discussions signed by this Court on March 3, 2011 (the "Confidentiality Order"). Accordingly, the motion should be stricken and its allegations, none of which are supported by competent evidence, should be entirely disregarded. *See* Point I, *infra*.

Further, the Complaint in the environmental lawsuit was brought under the Administrative Procedure Act ("APA") to challenge the Finding of No Significant Impact ("FONSI") issued by the Federal Transit Administration ("FTA") on October 29, 2009 and the supporting Supplemental Environmental Assessment ("SEA") issued by the Metropolitan Transportation Authority ("MTA") in May 2009. In such cases, the issue before the Court is whether the agency had a rational basis for its decisionmaking based on the administrative record

---

[1] The only lawsuit discussed in this memorandum is the second-captioned lawsuit (Case No. 11-CV-1058), which is the sole focus of plaintiffs' motion papers. The first-captioned lawsuit (Case No. 10-CV-8973) was brought under the Freedom of information Act ("FOIA"), alleging that the defendants failed to respond adequately to the plaintiffs' FOIA request dated September 30, 2010. Plaintiffs make no claim that the documents that are the subject of their current motion were the subject of their earlier FOIA request. Nor could they, as the documents they now seek relate to the settlement discussions that occurred in 2011. In any event, the law is clear that discovery is generally not permitted in a FOIA lawsuit or, if permitted in unusual cases, is generally limited to the adequacy of the government's search for documents. *See* Katzman v. Freeh, 926 F. Supp. 316, 319 (E.D.N.Y. 1996); Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812-13 (2nd Cir. 1994).

1

as it existed at the time the agency made its decision.  Accordingly, no discovery is needed or generally permitted in an APA lawsuit, since review of the merits is limited to the administrative record.  *See* Point II.A, *infra*.

But even assuming *arguendo* that discovery were to be permitted, the settlement discussions would not be a proper subject of discovery because: (i) the negotiations were held on a confidential basis and, pursuant to the Confidentiality Order, may not be used for any litigation purpose; and (ii) the failure of the parties to reach a litigation settlement is not relevant to plaintiffs' APA challenge to the FONSI and SEA.  *See* Point II.B, *infra*.

Finally, even if discovery in the case were appropriate and the subject matter of plaintiffs' document requests was not out of bounds, all discovery and discovery-related disputes should be stayed pending a decision on defendants' dispositive motion to dismiss under Fed. R. Civ. P. 12(b)(6).  That motion, which was served and filed on September 1, 2011, establishes that the Complaint in the environmental lawsuit is barred by the statute of limitations and fails to state a claim upon which relief may be granted.  *See* Point II.C, *infra*.

### FACTUAL STATEMENT

The environmental lawsuit challenges the defendants' FONSI and SEA approving the relocation of the northern entrance of the 86th Street subway station from the space occupied by plaintiffs' supermarket tenant to the sidewalk on East 86th Street in front of plaintiffs' building, which is located in an area of Manhattan zoned C2-8A, allowing commercial and residential uses.  The only federal claim pleaded in the lawsuit is brought under the APA and National Environmental Policy Act ("NEPA").  *See* Complaint ¶¶ 57-85; 234-246.  Thus, the Complaint alleges that "[t]he Court's review of this action is governed by the Administrative Procedure Act under 5 U.S.C. § 706."  Complaint ¶ 57.

On March 23, 2011, the Court signed and entered on the docket the Confidentiality Order under which the subsequent settlement discussions among the parties took place. The Confidentiality Order states as follows:

> The Parties agree that a primary objective of the Discussions is to effectuate a settlement of this action. All offers, promises, conduct and statements, whether oral or written, made in the course of the Discussions by any of the Parties and their representatives shall be confidential. Any such confidential information shall not be disclosed to third parties and shall be inadmissible for any purpose, except as provided herein. [Confidentiality Order ¶ 1(a)].

Yet plaintiffs' memorandum of law makes representations to this Court as to the substance of the parties' settlement discussions, including allegations as to settlement positions taken with respect to the technical feasibility and scheduling impacts of various alternatives.

On September 1, 2011, after the settlement negotiations failed to resolve the lawsuit and after providing prior notice to plaintiffs' counsel, the defendants served and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), since the lawsuit was not commenced within the 180-day statute of limitations period, which began running upon publication of the notice of the FONSI and SEA in the *Federal Register*. *See* 23 U.S.C. § 139(l)(1); Notice of Limitation on Claims Against Proposed Public Transportation Projects, 74 Fed. Reg. 65,203 (Dec. 9, 2009). This 180-day statute of limitations period expired on June 7, 2010, well prior to the filing of the lawsuit on February 16, 2011.

Although not material to the issues before the Court, plaintiffs' motion papers, which are not supported by any competent documentary or testimonial evidence, are also rife with errors, only some of which can be addressed here consistent with the Confidentiality Order.[2]

---

[2]  Plaintiffs characterize the entrance location that defendants selected in 2009 as a "midblock entrance," but the entrance includes two pairs of escalators, with one pair facing Second Avenue only 21 feet from the westerly line of the Food Emporium

3

Plaintiffs assert that the defendants acted in "bad faith," but the defendants devoted considerable technical and legal resources to their discussions with plaintiffs. The fact that the parties were unable to reach a settlement does not establish "bad faith."

---

supermarket that occupies the street-level corner of plaintiff's building. *See* FONSI at 2. A second escalator pair is located east of the circular driveway in front of that building, which reduces the number of pedestrians who would walk in front of plaintiffs' driveway. The third entrance to the northern part of the station is on the southeast corner of the 86th Street/Second Avenue intersection. These three entrances connect underground at the north end of the 86th Street station. *See* FONSI Response to Comments at 17, 24-25. Plaintiffs refer to Alternative 2 as a "corner entrance" (P. Mem. at 2), but that entrance would be further from the corner of Second Avenue than the entrance plaintiffs challenge in this litigation. *See* FONSI Response to Comments at 17-18.

Plaintiffs assert that their proposal to relocate the subway entrance to the south side of East 86th Street was rejected primarily because of its adverse impacts on the construction schedule, but a principal reason that MTA rejected an alternative entrance location on the south side of East 86th Street in 2009 is that the south side of the street is an inferior location from a transportation perspective, because most of the pedestrians who would use the subway entrance originate from areas to the north of East 86th Street. *See* SEA at 2-13, 12-7. Another advantage of the sidewalk location on the north side of East 86th Street selected in 2009 is that it does not involve the eviction and relocation of tenants and businesses. Id. at 12-6.

Contrary to plaintiffs' representation that the issue is "undisputed," the relocation of the principal subway station entrance to the south side of East 86th Street would affect the construction schedule. Relocation of the entrance to the south side of the street would require, *inter alia*, extensive new design work, condemnation of private property, relocation of existing tenants and a material change-order to the construction contract for the subway station. A substantial amount of design and other planning work on the new subway station has occurred since the defendants selected the entrance location on the north side of East 86th Street in 2009; the construction contract for the station cavern and entrance penetrations has been awarded; and the contractor has begun on-site mobilization.

Plaintiffs assert that MTA violated "Buy America" provisions, but their assertion is belied by the document they cite. *See* 76 Fed. Reg. 40,447 (July 8, 2011).

4

# POINT I

## PLAINTIFFS' MOTION VIOLATES THE CONFIDENTIALITY ORDER AND SHOULD BE STRICKEN

Plaintiffs' motion papers purport to disclose the substance of the parties' confidential negotiations relating to such settlement issues as the technical feasibility of various alternatives preferred by plaintiffs, construction schedule impacts of changing the location of the station entrance and conclusions as to which alternatives are preferable from a transportation perspective.  But all statements made during settlement negotiations were, as required by the Confidentiality Order, made on a confidential basis.  The proper sanction for plaintiffs' improper conduct in violating the Confidentiality Order is that their motion be stricken.  *See* Bernard v. Galen Group, Inc., 901 F. Supp 778, 784 (S.D.N.Y. 1995) (imposing sanctions for disclosure of the terms of settlement offers made during Court-ordered mediation process).

# POINT II

## THE REQUESTED DISCOVERY IS NEITHER RELEVANT NOR APPROPRIATE, AND, IN ANY EVENT, THE COURT SHOULD STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Discovery in this matter should be stayed until this Court's adjudication of defendants' motion to dismiss.  The threshold issue of whether this lawsuit was filed within the statute of limitations period should be decided *before* FTA is required to submit its administrative record to the Court, *before* any motion practice as to whether extra-record discovery will be permitted in this APA case, and *before* any briefing on the merits of plaintiffs' objections to the FONSI and SEA.  In their motion to dismiss, defendants establish that plaintiffs' Complaint was untimely and otherwise fails to state a claim.  If this Court agrees and grants defendants' motion, then no further motions, discovery or briefing are needed in this case.

5

### A. Discovery Is Not Appropriate Because This Is A Record-Review Case.

The administrative determination challenged in the Complaint is the FTA's determination, made in its FONSI and the supporting SEA, not to require a Supplemental Environmental Impact Statement ("SEIS") for the re-location of the subway entrance. A federal agency's determination not to require an SEIS is reviewed on the administrative record under the "arbitrary and capricious standard." *See* Marsh v. Or. Natural Res. Council, 490 U.S. 360, 377-78 (1989). Thus, the applicable FTA regulations state that a determination by FTA not to prepare an SEIS is to be made on the basis of environmental studies or an SEA prepared by the applicant. *See* 23 C.F.R. § 771.130(c). Here, it is the MTA-prepared SEA – and comments from plaintiffs and other members of the public during the SEA's public comment period in 2009 – that FTA considered in making its determination in the FONSI. Discovery and the consideration of non-record evidence of settlement discussions that occurred in 2011 would be contrary to basic principles of administrative law.

Except in unusual circumstances inapplicable here, a court's review under the APA is limited to the record before the agency at the time it made the challenged decision, notice of which in this case was published in the Federal Register on December 9, 2009. *See* 5 U.S.C. § 706; Camp v. Pitts, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); Nat'l Audubon Soc'y, Inc. v. Hoffman, 132 F.3d 7, 14-15 (2d Cir. 1997) (outlining the limited exceptions to record review). Thus, even if the APA claim were timely, plaintiffs are not entitled to the discovery of documents that the defendants "relied on, or to which they referred" between July 14 and August 24, 2011 (P. Mem. at 7), long after the challenged decision was made and published, because they are not relevant to the Court's review.

### B. Discovery of Settlement-Related Communications and the Reasons Why Settlement Negotiations Failed Is Not Appropriate.

Additionally, plaintiffs' motion is clearly improper because it is directed at settlement-related communications and documents. Settlement discussions are confidential and are not the proper subject of litigation. Were the rule otherwise, the failure of settlement discussions would itself always be an occasion for satellite litigation and discovery disputes as to why the parties failed to settle. The resulting disincentive to engage in settlement discussions would be contrary to public policy. *See* Lake Utopia Paper Ltd. v. Connelly Containers, Inc., 608 F.2d 928, 930 (2d Cir. 1979) ("If participants [in settlement discussions] cannot rely on the confidential treatment of everything that transpires during these sessions then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute."); *cf.* Lamoureux v. Anazaohealth Corp., No. 03-CV-01382, 2009 WL 813977, at *2 (D. Conn. Mar. 26, 2009) (there is a "strong policy against production of [settlement] materials because of the chilling effect that their production could have on the ongoing settlement negotiations").

### C. In Any Event, All Discovery And Discovery Disputes Should Be Stayed Pending Resolution of Defendants' Motion To Dismiss.

Notwithstanding the dispositive points raised above, this Court need not decide any disputes between the parties as to whether discovery should be permitted or the scope of any discovery in this APA litigation. Instead, all discovery and discovery-related disputes should be stayed pending hearing on defendants' motion to dismiss. If, as asserted in defendants' motion, the Complaint was untimely and otherwise fails to state a claim, it should be dismissed under Fed. R. Civ. P. 12(b)(6), and there is no reason why any discovery or discovery-related disputes should go forward.

Pursuant to Federal Rule of Civil Procedure 26(c), "a court has discretion to stay discovery for 'good cause shown.'" Spencer Trask Software & Info. Serv., LLC v. Rpost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting Fed. R. Civ. P. 26(c));[3] *see also* Transunion Corp. v. Pepsico, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (reviewing for abuse of discretion district court's stay of discovery pending resolution of motion to dismiss).  A motion to dismiss may provide "good cause" under Rule 26(c) to stay discovery, based on several factors including (i) the strength of the motion, (ii) the burden of responding to discovery, and (iii) lack of unfair prejudice to the party opposing the stay.  *See* Spencer Trask Software, 206 F.R.D. at 368; Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94-CV-2120, 1996 WL 101277, at *2-3 (S.D.N.Y. Mar. 7, 1996) (collecting cases); Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (same).  Weighing these factors, "courts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law."  Johnson v. NYU Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citations, internal quotation marks and alterations omitted).  That is because a stay of discovery under such circumstances would "prevent[] the plaintiff from burdening the defendants with a needless round of discovery."  Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 105 (2d Cir. 1981).  Indeed, as courts in this district have noted, discovery is "authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim."  Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378

---

[3] Although the language of Rule 26(c) was changed on December 1, 2007, as part of the restyling of the Federal Rules of Civil Procedure, the changes were "intended to be stylistic only."  Fed. R. Civ. P. 26 advisory comm. note to 2007 amendment.  The current rule simply says "for good cause."  Fed. R. Civ. P. 26(c).

8

(S.D.N.Y. 2004). It is not permitted "in order to piece together a claim" in the first place. KBL Corp. v. Arnouts, 646 F. Supp. 2d. 335, 346 n.6 (S.D.N.Y. 2009).

The defendants' pending motion to dismiss warrants a stay of discovery and discovery-related motion practice under the foregoing factors. In their motion papers, defendants have made a strong showing that plaintiffs' lawsuit is time barred by the 180-day statute of limitations and otherwise fails to state a claim upon which relief can be granted. Defendants should not have to incur the costs of discovery in this matter, given that the Court's resolution of their motion is likely to dispose of plaintiffs' case in its entirety. In addition, the motion to dismiss could be fully briefed within a few weeks, and thereafter, any stay would only be in place while the parties await the Court's decision. Thus, as any delay in discovery or the litigation of discovery-related disputes will likely not be long, plaintiffs will not suffer any prejudice as a result of a stay. *See* Spencer Trask Software, 206 F.R.D. at 368; *see also* Picture Patents, LLC v. Terra Holdings LLC, No. 07-CV-54652008, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008) (finding good cause to stay discovery under Rule 26 based on the strength of the defendants' motion to dismiss, the burden and expense of discovery and the lack of irreparable injury or prejudice to the plaintiff); Chrysler Cap. Corp. v. Century Power Corp., 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (granting stay of discovery in part because "defendants' motions for dismissal do appear to have substantial grounds"); Gandler v. Nazarov, No. 94-CV-2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery where motion to dismiss was "potentially dispositive, and appear[ed] to be not unfounded in the law").

Indeed, should the Court deny defendants' motion to dismiss, the FTA will file with the Court a certified copy of the administrative record underlying its challenged decision,

9

which would obviate the need for discovery under the case law governing APA claims. *See* Camp v. Pitts, 411 U.S. at 142. Therefore, a stay of discovery is appropriate.

## CONCLUSION

Plaintiffs' motion should be stricken for improper disclosure of settlement communications. If the motion is entertained, it should be denied, a briefing schedule for defendants' motions to dismiss should be established, and defendants should be granted such further and other relief as this Court deems just and equitable. Plaintiffs' request for a Court conference to establish a briefing schedule for defendants' motion to dismiss should be denied as unnecessary, because a briefing schedule can be readily set without the expense and delay of a conference.

Dated: New York, New York
September 13, 2011

>Respectfully submitted,
>
>PREET BHARARA
>United States Attorney for the
>Southern District of New York
>
>By: **s/Joseph A. Pantoja**
>    JOSEPH A. PANTOJA
>    Assistant United States Attorney
>86 Chambers Street
>New York, New York 10007
>Telephone: 212-637-2785
>Email: Joseph.Pantoja@usdoj.gov
>*Attorney for Federal Defendants*
>
>
>**s/Gordon J. Johnson**
>GORDON J. JOHNSON
>Deputy General Counsel
>Metropolitan Transportation Authority
>MTA Office of General Counsel
>347 Madison Avenue – 9th Floor
>New York, New York 10017
>Telephone : 212-878-4633
>Email: gojohnso@mtahq.org
>*Attorney for MTA Defendants*
>*in Case No. 10 Civ. 8973*
>
>BRYAN CAVE LLP
>
>By: **/sPhilip E. Karmel**
>    Philip E. Karmel (pekarmel@bryancave.com)
>    J. Kevin Healy (jkhealy@bryancave.com)
>1290 Avenue of the Americas
>New York, New York 10104
>Telephone: 212-541-2000
>*Attorneys for MTA Defendants*
>*in Case No. 11 Civ. 1058*

11